UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE RYDZEWSKI,

    Plaintiff,

vs.                                                              Case No. 12-12047

THE BANK OF NEW YORK MELLON,                HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 3)**
**AND**
**DISMISSING CASE**[1]

**I. Introduction**

This is another one of many cases pending in this district involving a default on a mortgage. Plaintiff Steve Rydzewski is suing defendant the Bank of New York Mellon (the Bank) making several claims relating to the mortgage and foreclosure proceedings. The complaint asserts the following claims:

    Count I      quiet title

    Count II     unjust enrichment

    Count III    breach of implied agreement, specific performance

    Count IV    breach of M.C.L. § 3205

Before the Court is the Bank's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

For the reasons that follow, the motion will be granted.

## II.  Background

This case involves real property located at 35782 Smithfield Road, Farmington Hills, Michigan.  On November 16, 2005, plaintiff obtained a $261,5000 loan from Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender to purchase the property.  Plaintiff executed a note evidencing the loan.  As security for the loan, plaintiff executed a mortgage in which he gave to MERS, acting "solely as nominee for lender and lender's successors and assigns."  MERS is listed as the mortgagee on the mortgage.  America's Wholesale Lender is listed as the lender on the mortgage.  The mortgage was recorded.

On January 13, 2010, MERS assigned the mortgage to the Bank.  The assignment describes the Bank as assignee as follows:  "Bank of New York Mellon FKA the Bank of NEW York as Trustee for the certificate holders CWALT Inc. Alternative Loan Trust 2005-81 Mortgage Pass-Through certificates, Series 2005-81."  The assignment was recorded.

Plaintiff defaulted on the loan.  The Bank initiated foreclosure proceedings  The Bank purchased the property at a foreclosure sale on October 18, 2011.  Plaintiff's right to redeem the property expired on April 18, 2012.  Plaintiff did not redeem.  Instead, prior to expiration of the redemption period, on April 9, 2012, plaintiff filed a complaint in state court seeking to rescind the foreclosure sale and void the sheriff's deed and asserting the claims set forth above.  The Bank timely removed the case to federal court and filed a motion to dismiss.

### III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).  Here, the Court has

considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiff's claims.

## IV.  Analysis

### A.  Expiration of Redemption Period

The Bank first argues that it dismissal of all counts of the complaint is appropriate because plaintiff failed to redeem the property and therefore lacks the ability to challenge the validity of the foreclosure.  The Bank is correct.

Following foreclosure, the rights and obligations of the parties are governed by statute.  Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993).  Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property.  See M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942).  Here, the Bank purchased the property at a foreclosure sale on October 18, 2011.  The redemption period expired on April 18, 2012.  Because plaintiff failed to redeem the property before the redemption period expired, the Bank became vested with "all the right, title, and interest" in the property by operation of law.  At that point, plaintiff, the former owner, lost the ability to assert claims with respect to the property.  See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009) (unpublished opinion).  An exception to this rule arises only where there is "a clear showing of fraud or irregularity" in the foreclosure process.  Overton at *2 (quoting Schulthies v. Barron, 16 Mich. App. 246, 247–48, 167 N.W.2d 784 (1969)).

This outcome is not altered because plaintiff filed this lawsuit on April 9, 2012, prior to the expiration of the redemption period.  Overton, 2009 WL 1507342, at * 1

4

(holding that the plaintiff's filing of his lawsuit did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of Appeals explained in Overton:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich. App. 246, 247-248, 167 N.W.2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187, 4 N.W.2d 514 (1942); MCL 600.3236.

Id. In short, once the redemption period expired, plaintiff could no longer assert defects in the foreclosure proceedings and/or the sheriff's sale.

The Michigan Court of Appeals recently reaffirmed the holdings in Overton and Mission of Love in Awad v. General Motors Acceptance Corp., No. 302692, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012). In Awad, the statutory redemption period expired on November 26, 2010. Plaintiff failed to redeem the property and, instead, she filed suit just prior to the expiration of the redemption period. Defendant moved for summary disposition, and the trial court granted defendant's motion on the ground that plaintiff lacked standing to challenge the foreclosure sale. On appeal, the Michigan Court of Appeals affirmed, adopting the reasoning of Overton and Mission of Love. The court of appeals confirmed that once the redemption period expires, "all of [plaintiff's] rights in and title to the property were extinguished" and plaintiff "therefore, lost her standing to sue." Id.

Finally, courts in this district have similarly held that the expiration of the

redemption period extinguishes a plaintiff's right to sue with regard to the property. See, e.g. Collins v. Wickersham, --- F. Supp. 2d ----, 2012 WL 995208, at *3 (E.D. Mich. 2012), Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. Aug. 16, 2010); Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010).

As to setting aside the foreclosure, the Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937). Moreover, the alleged fraud or irregularity must be with regard to the sale procedure itself. See Reid v. Rylander, 270 Mich. 263, 267 (1935) (holding that a borrower is limited to validity of the foreclosure sale procedures, not the note, mortgage or other underlying instruments, or the capacity of the foreclosing party).

Here, plaintiff has not alleged a strong showing of fraud or irregularity sufficient to unwind the sheriff's sale. Plaintiff does not allege any defect in the foreclosure procedure. At best, plaintiff argues that the sheriff's sale should be set aside because he was allegedly misled into believing that the sale would not occur pending the outcome of the loan modification process. This claim, which is the subject of count III, is barred by the statute of frauds, as discussed below.

### B. Plaintiff's Claims

### 1. Count I - Quiet Title

The Bank says that count I, asserting a claim for quiet title, does not state a plausible claim for relief. The Court agrees. In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d). These rules require that plaintiff properly allege his or her ownership interest in the property. M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property. Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, plaintiff fails to allege any facts establishing a prima facie case of title. Plaintiff does not contest that he failed to pay and defaulted on the loan. He provides no allegations to indicate that he has a plausible claim of ownership superior to the Bank's.

To the extent that plaintiff is basing his claim to quiet title on alleged fraudulent actions by the Bank, it is also not sustainable. A claim sounding in fraud is subject to

the heightened pleading requirements under Fed. R. Civ. P. 9(b).[2] Fed. R. Civ. P. 9(b) provides that "[iln alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); see also Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984). In general, "[a] complaint is sufficient under Rule 9(b) if it alleges 'the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud,' and enables defendants to 'prepare an informed pleading responsive to the specific allegations of fraud.'" United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 509 (6th Cir. 2007) (citations omitted). The purpose of the additional pleading requirements of Rule 9(b) is to "provide defendants with a more specific form of notice as to the particulars of their alleged misconduct." Brown v. Bank of New York Mellon, 2011 WL 206124 at *3 (W.D. Mich. 2011).

Plaintiff has not plead his claim sufficient to satisfy Rule 9(b). Plaintiff makes only conclusory statements such as that some unspecified action by the Bank "was intentionally designed to preclude Plaintiff from entering into a Loan Modification." (Complaint at ¶ 12) This is insufficient to state a viable claim to quiet title based on fraud.

### 2. Count II - Unjust Enrichment

---

[2]Plaintiff's response indicates that he is alleging fraud inasmuch as he argues he has properly plead fraud claims. Putting aside that the complaint does not specifically allege a fraud claim, plaintiff has not satisfied Rule 9(b)'s requirements.

The Bank says it is entitled to a judgment on count II, claiming unjust enrichment, because the subject matter of the dispute is governed by a written contract. The Court agrees. "[T]o sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." Belle Isle Grill Corp. v. Detroit, 256 Mich. App. 463, 478 (2003), (citing Barber v. SMH (US), Inc., 202 Mich. App. 366, 375 (1993)). "If this is established, the law will imply a contract in order to prevent unjust enrichment." Belle Isle Grill Corp., 256 Mich. App. at 478, (citing Martin v. East Lansing School Dist., 193 Mich. App. 166, 177 (1992)). "However, a contract will be implied only if there is no express contract covering the same subject matter." Id.

Here, the mortgage and note form an express written contract between the parties, which precludes a claim for unjust enrichment. Moreover, plaintiff has not alleged that the Bank received a benefit from him. Plaintiff failed to pay and defaulted on his loan. The Bank acted in accordance with its rights under the mortgage and note. In short, plaintiff has not made out a viable claim for unjust enrichment.

### 3. Count III - Breach of Implied Agreement, Specific Performance

The Bank correctly argues that plaintiff cannot prevail on a claim for breach of an implied agreement because any such claim is barred by the statute of frauds. Plaintiff's claim for breach of an implied agreement is based on alleged statements concerning a loan modification. Plaintiff alleges that he was "to modify the loan or negotiate in good faith a settlement" with the Bank. Such an allegation is an expression of intentions, not the establishment of an implied contract.

In any event, Michigan's statute of frauds specifically prohibits any action against

a financial institution, like the Bank, to enforce a promise or commitment to modify a loan agreement unless it is in writing. The statute provides in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) **A promise or commitment to** renew, extend, **modify**, or permit a delay in **repayment or performance of a loan**, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. § 566.132(2) (emphasis added). Michigan courts have applied section 566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the bank. See Crown Technology Park v. D&N Bank, FSB, 242 Mich. App. 538, 549 (2000).

Here, plaintiff's claims for breach of implied agreement arises out of alleged oral promises concerning a loan modification. Because plaintiff has not alleged the existence of a writing signed by the Bank confirming a loan modification, the claim must be dismissed as barred by the statute of frauds.[3]

### 4. Count IV - Breach of M.C.L. § 600.3205c

In count IV, plaintiff alleges that the Bank failed to follow section 600.3205c because it did not modify his mortgage. Putting aside that plaintiff has not allege he

---

[3] The Bank also argues that Counts I, II and IV are subject to dismissal based on the statute of frauds to the extent they are based on alleged oral promises. The Court agrees.

was entitled to a loan modification, section 600.3205c does not require the Bank to modify any specific loan, and it does not provide any basis for unwinding the foreclosure. Rather, the statute provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted <u>under the judicial foreclosure process</u> if the foreclosure is conducted in violation of the statute. See M.C.L. § 600.3205c(8). Unless the borrower timely files a complaint seeking such relief, nothing prevents the lender from foreclosing by advertisement. Id. The statute does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and concluded that a borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale. See <u>Stein v. U.S. Bancorp</u>, Case No. 10–14026, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the <u>type</u> of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." (emphasis in original)); <u>Adams v. Wells Fargo Bank, N.A.</u>, Case No. 11–10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."). Thus, even if plaintiff could allege that he is entitled to a loan modification, he cannot obtain the relief he seeks in the form of setting aside the foreclosure sale. Accordingly, count IV must be dismissed.

## V. Conclusion

For the reasons stated above, the Bank's motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: September 12, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 12, 2012, by electronic and/or ordinary mail.

                                        S/Julie Owens
                                        Case Manager, (313) 234-5160